<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| HENRY OWENS, | : | Civil Action No. 04-0700 (SRC) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| KEITH ARCH, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    HENRY OWENS
    Petitioner <u>Pro</u> <u>Se</u>

    DOROTHY HERSH, Assistant Prosecutor
    JOSEPH L. BOCCHINI, MERCER COUNTY PROSECUTOR
    Mercer County Courthouse
    Broad & Market Streets
    Trenton, New Jersey  08650
    Attorneys for Respondents

<u>CHESLER</u>, District Judge

    Petitioner Henry Owens filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 asserting that his New Jersey sentence had expired.  Respondents eventually filed an Answer, accompanied by a decision of the New Jersey State Parole Board revoking Petitioner's parole.  The Court dismisses the Petition as moot because Petitioner was released from custody of the State of New Jersey on February 5, 2006.

## I.  BACKGROUND

Petitioner challenges the calculation of his New Jersey sentence.  On March 29, 1996, the Superior Court of New Jersey, Mercer County, entered a judgment of conviction for possession of a controlled dangerous substance and sentenced Petitioner to a five-year term of incarceration, with two years of parole ineligibility.  The Superior Court of New Jersey, Appellate Division, affirmed the conviction on December 9, 1997, and the New Jersey Supreme Court denied certification on April 23, 1998.

On March 9, 1998, the New Jersey State Parole Board released Petitioner on parole.  The Parole Board issued an arrest warrant for violation of parole on April 3, 1998, but did not take Petitioner into custody until January 7, 2004, after he was convicted in Georgia of another crime.  On March 18, 2004, a hearing officer conducted a parole revocation hearing for the New Jersey State Parole Board.  At the hearing, Petitioner admitted that he had left New Jersey in 1998 without the permission of the Parole Board, that he had served 13 months in Georgia for violation of Georgia parole, that in 2000 he was arrested in Georgia on new charges, and that on August 28, 2001, he was convicted in Georgia of use of a firearm by a convicted felon and drug trafficking, and sentenced to an eight-year term of imprisonment.  Petitioner argued that he had not violated the terms of his New Jersey parole because it had expired by the time he was arrested in 2000.  The hearing officer recommend revocation of parole based on his findings that Petitioner had violated the terms of his parole by failing to report on April 1, 1998, and thereafter, failing to obtain the approval of the parole officer to leave the state of New Jersey on or about March 23, 1998, failing to obtain approval for a change of address since March 23, 1998, and failing to refrain from use of a controlled dangerous substance.  On May 13, 2004, the

New Jersey State Parole Board revoked Petitioner's parole and ordered him to serve his adjusted maximum sentence of one year, two months, and 26 days.  The Parole Board decision determined that Petitioner was returned to New Jersey custody on January 7, 2004, and that his adjusted maximum date was April 1, 2005.

On February 5, 2006, the State of New Jersey released Petitioner from custody at East Jersey State Prison.

## II.  DISCUSSION

A.  Jurisdiction

A district court has subject matter jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court has subject matter jurisdiction under § 2254 if two requirements are satisfied:  (1) the status requirement that petitioner is "in custody," and (2) the substance requirement that the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Petitioner satisfies the status requirement if he is in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

In this case, Petitioner satisfies the "in custody" requirement under § 2254 because the Petition challenges the duration of Petitioner's confinement in the custody of the State of New Jersey and Petitioner was in the custody of the State of New Jersey at the time he filed the

Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether New Jersey's release of Petitioner upon expiration of his New Jersey sentence of imprisonment caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot.  See also Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security

prison and a notation had been placed in his file stating that the transfer should have no bearing in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In the Petition, Petitioner challenges his incarceration on the ground that his term of imprisonment expired.  The State of New Jersey released Petitioner from its custody on February 5, 2006, upon the expiration of his term of imprisonment.  When the government released Petitioner from custody on February 5, 2006, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7.  Accordingly, the Court dismisses the Petition as moot.

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.  The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as moot is correct.

## III.  CONCLUSION

      For the reasons set forth above, the Court dismisses the Petition as moot and declines to issue a certificate of appealability.


                                  s/Stanley R. Chesler, U.S.D.J.
                                  **STANLEY R. CHESLER, U.S.D.J.**


Dated:   April 24th , 2006